IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ARNOLD LEE DAVIS, #1208418 | § |
| | § |
| V. | §    CIVIL ACTION NO. G-04-370 |
| | § |
| GILBERT VILLARREAL | § |

**REPORT AND RECOMMENDATION**

      Plaintiff Arnold Lee Davis brought this complaint pursuant to 42 U.S.C. § 1983 against Deputy Villarreal, alleging excessive use of force while waiting to catch the chain to TDCJ-CID. Currently pending before the Court is Defendant Villarreal's Motion for Summary Judgment, to which Davis has filed no response. Having considered all motions, evidence and applicable law, this Court makes the following recommendation to the District Court.

      Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party in a summary judgment action "bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, interrogatories, and admissions on file, together with the affidavit(s), if any, which are believed to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Id*. at 325. This burden is not satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp*. 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the non-moving party must come forward with competent summary judgment evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

      Summary judgment may not be awarded by default, however, merely because the moving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d

1

1277, 1279 (5th Cir. 1985). A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the Court may not grant the motion, regardless of whether any response was filed." *Hetel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995)(citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). Nonetheless, the District Court may accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Davis alleges that Galveston County deputy sheriff Gilbert Villarreal violated his constitutional rights on January 13, 2004, when he and other inmates were preparing to catch the chain to TDCJ-CID. According to Davis, derogatory comments were exchanged between he and Villarreal while he was being fingerprinted by Villarreal. Villarreal allegedly lost his temper, grabbed Davis' fingers and squeezed them together as if trying to break them. When Davis asked to have his fingers released, Villarreal allegedly grabbed Davis by his shirt and pushed him into the water faucet; Davis suffered cuts on his left buttock. Villarreal then allegedly yanked Davis off the water faucet and slammed him to the floor of the booking area.

Villarreal's version of the event varies significantly from Davis'. Pursuant to the sworn affidavit of Villarreal[1], the incident occurred while he was processing out inmates for transfer to TDCJ-CID. Part of the process involves identifying each inmate by both their identification bracelet and by taking fingerprints of all five fingers of the right hand. Davis became impatient with the questions Villarreal was required to ask and started to move away after his thumb print had been taken. When Villarreal told him that he needed prints of all five fingers, Davis snatched his hand away; Villarreal then took Davis' shirt sleeve and Davis began screaming for him to turn him loose, then shoved his chest against Villarreal. Because his back was against the wall, Villarreal could not retreat

---

[1] Defendant's Motion for Summary Judgment, *Affidavit of Gilbert Villarreal*.

and, instead, tried to push Davis off of him. Both men fell over the water fountain to the floor. Villarreal gained control of Davis, brought him back to the counter and finished fingerprinting. He then escorted Davis through a door to an adjacent room to change into TDCJ-CID clothing.

Of significance in this matter is the fact that the entire incident was captured by two video cameras of the booking area, with different angles. The DVD is included as evidence. Also noted by Villarreal is that a few minutes after Davis had been taken to the changing area, Villarreal entered the area and was attacked by Davis. Villarreal suffered injuries and later filed criminal charges of assault on a public servant against Davis, of which Davis was convicted.

Defendant asserts in his Motion for Summary Judgment that he is entitled to judgment as a matter of law as Davis suffered no violation of his constitutional rights under the Eighth Amendment. Villarreal also claims entitlement to qualified immunity. This Court concurs.

Under the Eighth Amendment, a correctional officer's use of excessive force against a prisoner may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1 (1992). The Fifth Circuit has instructed the courts in this circuit to consider five factors in analyzing excessive use of force claims: (1) "the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

Given the facts as pleaded and the videotaped evidence, it appears clear to the Court that Davis not only started the incident of which he complains, but instigated and necessitated any action taken by Villarreal which ultimately led to his injury, though the injury was *de minimis,* at most. Davis refused to comply with the fingerprinting process, physically forced Villarreal against the wall creating a very dangerous situation, and then fell when Villarreal tried to push him away and restore order. The

3

only injury suffered by Davis was a small cut on his buttock which required no stitches and amounted to nothing more than a scrape.  Under applicable case law, Davis suffered no constitutional violation, and Villarreal is entitled to dismissal on that basis.  *See Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment (Instrument no. 22) be **GRANTED and the instant complaint be DISMISSED with prejudice as frivolous.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **July 28, 2006,** in which to have written objections physically on file in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___11th___ day of July, 2006.

John R. Froeschner
United States Magistrate Judge